IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**MARCUS WRIGHT**                                                                                **PLAINTIFF**
**ADC #122117**

**v.**                        **Case No. 4:21-cv-00280-KGB**

**JAMES GIBSON,** *et al.*                                                               **DEFENDANTS**

## ORDER

Before the Court are the Proposed Findings and Recommendation submitted by United States Magistrate Judge Patricia S. Harris (Dkt. No. 22). Plaintiff Marcus Wright has not filed any objections to the Proposed Findings and Recommendation, and the time to file objections has passed. After careful consideration, the Court concludes that the Proposed Findings and Recommendation should be, and hereby are, approved and adopted in part as this Court's findings (*Id.*). The Court grants defendants James Gibson and James Shipman's substituted motion to dismiss plaintiff's amended complaint on the basis of the second prong of the qualified immunity analysis only, declining to reach the first prong, and dismisses without prejudice Mr. Wright's amended complaint (Dkt. Nos. 18; 19).

To determine whether a defendant is entitled to qualified immunity, the Court considers: (1) whether the facts alleged by plaintiff establish a violation of a constitutional or statutory right, and (2) if so, whether that right was clearly established at the time of defendant's alleged misconduct. *Wright v. United States*, 813 F.3d 689, 695 (8th Cir. 2015). Courts may exercise "their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in the light of the circumstances of the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). This Court opts to consider the second prong only, determines that Judge Harris is correct that as to these two defendants and their alleged conduct in

Mr. Wright's complaint no "robust 'consensus of cases of persuasive authority'" clearly established that their alleged actions violated Mr. Wright's constitutional rights in April or May of 2020 (Dkt. No. 22, at 13–15).  *See Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011) (quoting *Wilson v. Layne*, 526 U.S. 603, 617 (1999)).  The Court declines to reach the first prong of the qualified immunity analysis and therefore declines to adopt the Proposed Findings and Recommendation on that point (Dkt. No. 22, at 10–13).

The Court recommends that the dismissal of this action be considered a "strike" within the meaning of 28 U.S.C. § 1915(g).  Judgment will be entered accordingly.

It is so ordered this 30th day of September, 2022.

*Kristine G. Baker* (signature)
Kristine G. Baker
United States District Judge